UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RAYMOND ABDUL ISHMANUEL ADAMS,

    Petitioner,

v.                                        CASE NO. 8:20-cv-1378-CEH-AEP
                                   CRIM. CASE NO. 8:17-cr-107-CEH-AEP

UNITED STATES OF AMERICA,

    Respondent.
_____/

## ORDER

Before the Court are Adams's 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence (Section 2255 motion) (cv Doc. 1), and Respondent's opposition (cv Doc. 3). Upon consideration, the Section 2255 motion will be denied.

### Procedural Background

Adams was charged by Indictment with conspiracy to possess with intent to distribute a quantity of a mixture and substance containing a detectable amount of marijuana in violation of 21 U.S.C. § 841(a)(l) (Count One), possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c) (Count Two), and possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (Count Three) (cr Doc. 16). The Indictment listed Adams's two prior felony convictions as grand theft and manslaughter (*Id*. at p. 2). Pursuant to a plea agreement, Adams pleaded guilty to Count Two and Count Three, and Count One

1

was dismissed (cr Docs. 16, 37, 38, 60). The plea agreement indicated Adams faced a term of imprisonment between five years and life on Count Two, consecutive to any other term of imprisonment, and a maximum sentence of 10 years on Count Three (cr Doc. 37 at 2).

On August 31, 2017, Adams was sentenced to 101 months in prison (41 months as to Count Three and 60 months as to Count Two, to run consecutive to Count Three) followed by 3 years on supervised release (cr Docs. 55, 56, 62). Adams did not appeal his judgment of conviction. On June 11, 2020, Adams filed his Section 2255 motion in which he alleges three grounds for relief (cr Doc. 59; cv Doc. 1).

## Discussion

**Ground One: The conviction rests on an invalid guilty plea since Mr. Adams did not know the true nature of a § 922(g) crime.**

**Ground Two: This court's conviction violates due process of law.**

In Grounds One and Two, Adams alleges that the United States Supreme Court's decision in *Rehaif v. United States*, ––– U.S. –––, 139 S. Ct. 2191, 204 L.Ed.2d 594 (2019), rendered his guilty plea unintelligent, and his conviction under Count Three invalid (cv Doc. 1 at docket pp. 4-5). In *Rehaif*, the Supreme Court held that to convict a defendant under 18 U.S.C § 922(g), the government must show that the felon who possessed a gun also knew his relevant status (as a felon) at the time of possession. *See* 139 S. Ct. at 2194.

In Ground One, Adams contends his plea was unintelligent because he was never informed the Government was required to prove he knew he belonged to a class of persons (in this case, a felon) prohibited from possessing a firearm. He asserts he would not have pleaded guilty had he known the Government was required to prove he knew he was a felon. In Ground Two, Adams contends his conviction under § 922(g) (Count Three) violates due process because the factual basis supporting his guilty plea failed to allege Adams's knowledge of his status as a person prohibited from possessing a firearm.

### I. The claims are procedurally defaulted

The United States argues (*see* cv Doc. 3 at pp. 7-12), and the Court agrees, Adams's claims are procedurally defaulted. "[A] collateral challenge may not do service for an appeal." *United States v. Frady*, 456 U.S. 152, 164–65 (1982). "Once the defendant's chance to appeal has been waived or exhausted," courts "are entitled to presume that [the defendant] stands fairly and finally convicted." *Id*. As a result, claims that previously were available yet were not raised in a prior proceeding are procedurally defaulted and ordinarily are barred from consideration on collateral review. *Bousley v. United States*, 523 U.S. 614, 622–24 (1998).

Adams did not challenge, either in this Court or on direct appeal, his conviction under Count Three on the ground that the knowledge requirement in Sections 922(g) and 924(a)(2) extends to the defendant's status as a person prohibited from possessing a firearm. Consequently, his claims are procedurally defaulted. *Wainwright v. Sykes*,

3

433 U.S. 72, 85–86 (1977) (claim defaulted when no contemporaneous objection was lodged at trial); *Murray v. Carrier*, 477 U.S. 478, 490–92 (1986) (claim not raised on direct appeal is procedurally defaulted).

The exceptions to the procedural default rule are: "(1) for cause and prejudice, or (2) for a miscarriage of justice, or actual innocence." *McCay v. United States*, 657 F.3d 1190, 1196 (11th Cir. 2011). To establish cause and prejudice Adams must show (1) that "some objective factor external to the defense" impeded his efforts to raise the issue earlier, *Coleman v. Thompson*, 501 U.S. 722, 753 (1991), and (2) that the alleged error "worked to his actual and substantial disadvantage, infecting his entire trial with error." *Frady*, 456 U.S. at 170. "Where a constitutional claim is so novel that its legal basis is not reasonably available to counsel, a defendant has cause for his failure to raise the claim." *Granda v. United States*, 990 F.3d 1272, 1286 (11th Cir. 2021), *cert. denied*, __ U.S. __, 142 S. Ct. 1233 (2022) (citation omitted).

A *Rehaif* challenge to a § 922(g) conviction—like Adams's—is not sufficiently novel to establish cause. *See United States v. Innocent*, 977 F.3d 1077, 1084 (11th Cir. 2020) ("*Rehaif* was not 'truly novel' in the sense necessary to excuse procedural default.").[1] As a result, Adams can only excuse his procedural default if he demonstrates his actual innocence. *Bousley*, 523 U.S. at 622–23. "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Id.* at 623. To demonstrate

---

[1] Because Adams has failed to show cause, it is unnecessary to consider the prejudice prong of the cause and prejudice exception. *See Frady*, 456 U.S. at 168.

4

actual innocence, Adams must, "with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence," demonstrate that "it is more likely than not that no reasonable juror would have convicted him." *Schlup v. Delo*, 513 U.S. 298, 324 (1995).

Adams fails to argue he can establish actual innocence. And he presents no new reliable evidence establishing he did not knowingly possess a firearm or had no knowledge he was a felon when he possessed the firearm. *See Glenn v. United States*, 2023 WL 2707388, at *3 (M.D. Ala. Mar. 16, 2023), *report and recommendation adopted*, 2023 WL 2703995 (M.D. Ala. Mar. 29, 2023) (citing *Rehaif*, 139 S.Ct. at 2200) ("To prove actual innocence on a § 922(g)(1) conviction, a petitioner must show that he had no knowledge of being a convicted felon when he possessed the firearm."). Thus, he cannot satisfy the actual innocence exception to procedural default.

II. The claims lack merit

Even if Adams's *Rehaif* claims were not procedurally defaulted, the claims fail on the merits.

*A. Ground One*

Adams cannot prevail on Ground One because the record contains sufficient evidence showing Adams knew he was a felon when he possessed the firearm. During the plea colloquy, Adams agreed that "[a]t the time he possessed the firearm, [he] was a convicted felon who had not had his right to possess a firearm restored." (cr Doc. 60 at p. 30). Moreover, Adams certified he read the entire plea agreement, which included

5

a factual basis stating "[a]t the time he possessed the firearm, [he] was a convicted felon who had not had his right to possess a firearm restored." (cr Doc. 37 at p. 19). Additionally, Adams never contested the Presentence Investigation Report's statement he was sentenced to 10 years in prison for manslaughter and 5 years in prison for grand theft (cr Doc. 52 at pp. 8-9). And just over one year after his January 13, 2016 release from incarceration on those offenses, he committed the instant offenses in February 2017 (*Id.* at p. 9). Thus, had Adams been informed that the Government had to prove he knew he was a felon when he possessed the firearm, the record supports the conclusion the Government could have made that showing, and it contains no evidence Adams would have pleaded not guilty. *See Greer v. United States*, __ U.S. __, 141 S. Ct. 2090, 2097 (2021) ("If a person is a felon, he ordinarily knows he is a felon."); *Lewis v. United States*, 2022 WL 200351, at *1 (11th Cir. Jan. 24, 2022) (unpublished) (finding "it is highly improbable that Lewis would have changed his decision to plead guilty even if he had known that the government would have had to prove that he knew he was a felon" where Lewis knew he was a convicted felon because he "had admitted to prior convictions for at least five felonies," was "sentenced to three years' imprisonment for" two of those convictions, and "served at least one of those sentences in full[.]"). Ground One therefore warrants no relief.

    *B. Ground Two*

    Adams contends his conviction under Count Three violates due process because the Court failed to establish a sufficient factual basis for accepting his guilty plea. He

argues the factual basis was insufficient because it failed to assert he knew he was a felon when he possessed the firearm.[2]

To prevail on this claim, Adams must show that the error had a "substantial and injurious effect or influence" on the outcome of the proceeding. *Lewis*, 2022 WL 200351, at *1 (quoting *Brecht v. Abrahamson*, 507 U.S. 619, 623 (1993) (quotation omitted)); *Ross v. United States*, 289 F.3d 677, 682 (11th Cir. 2002) (per curiam) (applying *Brecht*'s "harmlessness" standard in a § 2255 case)). *See also, Oakes v. United States*, 2021 WL 5022393, at *9 (M.D. Ga. July 28, 2021), *report and recommendation adopted*, 2021 WL 5015612 (M.D. Ga. Oct. 27, 2021) ("Petitioner's claimed *Rehaif* error does not constitute a structural error. The Court, therefore, does not apply the structural-error standard and, instead, applies the general habeas standard for evaluating alleged constitutional errors.") (citing *Greer v. United States*, 141 S. Ct. 2090, 2099–2100 (2021)). Although the Government failed to assert Adams knew he was a felon, no substantial and injurious effect occurred to Adams because significant evidence suggests he knew he was a felon.

First, he does not allege, argue, or present any evidence that suggests, he did not know he was a convicted felon when he possessed the firearm. Second, he does not explain why he would not have pleaded guilty had he known that knowledge-of-status was an element of the crime. Third and finally, as discussed in detail above,

---

[2] *See* cr Doc. 60 at pp. 29-30.

circumstantial evidence establishes Adams knew he was a felon, including his failure to object to his prior felonies listed in the Indictment and Presentence Investigation Report, and the fact he committed the instant offenses just over one year after serving several years in prison for his 2010 convictions for grand theft and manslaughter. *See Greer*, 141 S. Ct. at 2097 ("If a person is a felon, he ordinarily knows he is a felon. Felony status is simply not the kind of thing that one forgets.") (quotations omitted).

Considering these facts, the government could have easily proved that Adams knew he was a felon when he possessed the gun. *See United States v. Bates*, 960 F.3d 1278, 1296 (11th Cir. 2020) ("[H]ad the government been required to prove that [Adams] knew he was a felon at the time he possessed a firearm, there is overwhelming evidence to show that it would have easily done so."). Thus, any error that may have occurred was harmless. Accordingly, because Adams fails to show that any *Rehaif* error had a "substantial and injurious effect or influence" on the outcome of his case, Ground Two warrants no relief.

**Ground Three: Defense counsel failed to advise Mr. Adams of the consequences of not appealing.**

In Ground Three, Adams contends counsel was ineffective in failing to advise him of the benefits and disadvantages of filing an appeal. The Government argues Ground Three is time-barred (cv Doc. 3 at pp. 5-6). The Court agrees.

8

The Anti-Terrorism and Effective Death Penalty Act (AEDPA) established a limitations period for § 2255 motions. A one-year period of limitations applies to a § 2255 motion and runs from the latest of:

> (1) The date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (2) The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant is prevented from filing by such governmental action;
>
> (3) The date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) The date on which the facts supporting the claim or claims could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). "The § 2255(f) statute of limitations requires a claim-by-claim approach to determine timeliness." *Beeman v. United States*, 871 F.3d 1215, 1219 (11th Cir. 2017) (citation and internal quotation marks omitted).

Adams's judgment of conviction became final on September 14, 2017, fourteen days after judgment was entered (on August 31, 2017) and the time to file a notice of direct appeal expired. *See* Fed.R.Civ.P. 4(b)(1)(A)(i); *Adams v. United States*, 173 F.3d 1339, 1342 n.2 (11th Cir. 1999) (when a defendant does not file a direct appeal, conviction becomes final when time to do so expires). Thus, because Adams filed his Section 2255 motion on June 11, 2020, none of his claims are timely under § 2255(f)(1).

9

Nor has Adams alleged or demonstrated his claims are timely under either § 2255(f)(2) or § 2255(f)(4).

The Government correctly concedes Grounds One and Two are timely under § 2255(f)(3) because the claims rely on *Rehaif* and were filed within one year after *Rehaif* was decided on June 21, 2019. *See Seabrooks v. United States*, 32 F.4th 1375, 1383 (11th Cir. 2021) ("*Rehaif* announced a new rule of substantive law that applies retroactively" to initial § 2255 motions.); *Perez v. United States*, 2021 WL 5448154, at *1 (W.D. Wash. Nov. 22, 2021) ("Because petitioner's § 2255 motion was filed within one year of the *Rehaif* decision, his *Rehaif*-based claim is timely." (citing 28 U.S.C. § 2255(f)(3))). And, the Government correctly argues the claim alleged in Ground Three is untimely. Because Adams's claim that counsel was ineffective in failing to advise him about the consequences of not appealing does not depend on *Rehaif*, the claim is not timely under § 2255(f)(3). *See Beeman*, 871 F.3d at 1219 ("[I]f a § 2255 movant asserts that his § 2255 motion is timely because he filed it within one year of the Supreme Court's issuance of a decision recognizing a new right, we must determine whether each claim asserted in the motion depends on that new decision. If a particular claim does not depend on the new decision, that claim is untimely and must be dismissed.").

Adams shows neither that he is entitled to equitable tolling of the statute of limitations nor that he is actually innocent.[3] Ground Three is therefore time-barred and warrants no relief.

## Conclusion

Adams's Section 2255 motion (cv Doc. 1) is **DENIED**. The Clerk is directed to enter judgment against Adams and close this case. Additionally, the Clerk is directed to enter a copy of this Order in the criminal action, 8:17-cr-107-CEH-AEP, and terminate the motion at docket entry 59.

Moreover, Adams is not entitled to a certificate of appealability. To obtain a certificate of appealability, the movant must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir 2001). Because Adams cannot show that reasonable jurists would debate the merits of the claims or the denial of the claims on procedural grounds, he is not entitled to a certificate of appealability or to appeal *in forma pauperis*.

---

[3] *See McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013) ("We hold that actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar...or ...expiration of the statute of limitations."); *Holland v. Florida*, 560 U.S. 631 (2010) (that AEDPA's statute of limitations is subject to equitable tolling).

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

**DONE** and **ORDERED** in Tampa, Florida on July 17, 2023.

cc: Counsel of Record
    Raymond Abdul Ishmanuel Adams, *pro se*